Good afternoon, Illinois appellate court. 1st district court is now in session. The 6th division, the Honorable Justice Mary L. Mc for presiding case number 2, 1 dash 0774 Daryl Miller versus. George guy, thank you, Darren. Welcome gentlemen. As you probably both know, we generally allocate 20 minutes per side. When you introduce yourself appellant, I will ask you if you want to reserve any of that time for rebuttal. We are somewhat liberal and we, if you're in the middle of an argument and we will give you a little leniency. Please, before we start the time running with the attorney first for the appellant and then for the appellee introduce yourself and tell us who you represent, and whether you want to reserve any time. Okay, good afternoon, your honors, Jeffrey Sir, representing Daryl Miller, who is the appellant in this case. Thank you, Mr. And would you like to reserve time for rebuttal. Yes, please. How much five minutes would be fine. Okay, thank you. Council. Good afternoon. My name is Christopher Gary on behalf of George guy. All right, Mr. So whenever you are ready we may begin. Good afternoon and may it please the court. I believe that this case. This case presents the question. Is there ever a situation that the Illinois legislature can repeal a statute of limitations that does not run afoul of the Illinois Constitution. The facts of this case, just to set it in brief. My client is a 60 year old man, the respondent is an 80 year old man. He filed a petition to have the respondent found to be his legal father. Under the law, previously the Illinois Parentage Act of 1984. He would have been time bar bringing this case. According to the 1984 act, he had to bring his case within two years of turning 18. In 2015, the Illinois legislature repealed the Illinois Parentage Act of 1984 and replaced it with the Illinois Parentage Act of 2015 that 2015 law did many things but relevant for this matter. It number one, it repealed the statute of limitations and said that a parentage action filed by an adult would no longer have any time bar as to when it could be brought. And then the second thing that it did is that it said that any actions that were previously time barred could now proceed. So that's what the legislature said. So my client, taking advantage of the new law, filed his action for parentage. The respondent in that case, then said, filed a motion saying that the that that repeal of the statute of limitations was unconstitutional. And the circuit court agreed. And the circuit court agreed and that's why we're here today. So, the, the line of cases. As you read in my brief. It's a line of cases that spans about 130 years that respondent is correct that these cases say that once a statute of limitations has has elapsed that the legislature is not allowed to go back and revive them. And it says that in reviving them that they would run afoul of the due process clause of the Illinois Constitution that the Illinois due process clause is very simple. It says, just like the federal one that no one can be deprived of life, liberty or property without due process of law. What. So, I guess let me say it this way. The Illinois legislature was clear that it wanted the statute of limitations repeal. So, I think that we have to find a reason. If it, if it exists at all to give the legislative enactment. It's do right. And so I believe that the, that the way to get there is to say that this is constitutional because this law would not deprive the respondent of life, liberty or property. All the other. So the cases that the long line of cases that the trial court relied on your opposing counsel relies on property in a very broad way, all valuable interest that need not be visible or tangible. So, how do you draw the distinction that you do between tangible property, and the right to be free of technology and assignment you don't want to acknowledge that. How do you draw that. So, and, and I don't know if there's a great way to draw it except to say that those cases. Those cases, never seem to go as far as to say that that that vested right to immunity is a property interest that those cases seem to say that because it's vested, it can't be taken away. And I do agree they are the cases say all types of, you know, actions whatsoever. Right. But I guess I would submit to the court, it's like a fish not knowing that it's swimming in water. 99.9% of legal cases involve money. They involve property rights, they involve, you know, criminal law which is taking away freedom. You know, did the court in 1895. Think about a parentage act of, you know, a lawsuit that would declare somebody the parent of somebody else. Well you're the argument you're making wouldn't apply only to parentage act, so it also apply to any declaratory action that didn't specifically see damages. I think that that would be right yeah that that it would not, there would be no constitutional bar to eliminating a statute of limitations. So long as that that taking away of the immunity doesn't impact a property right or a life or liberty right. Yeah, but we're not talking about. We're talking about property. Yes. Let me ask you a different question and this seems to be have been not considered directly by the court or by you but is there an argument to be made that the fact that your client actually never had a chance to bring that claim because by the time the brought this claim was under an equitable extension of that 1984 app that I have to give him a two year window. Does that matter. Is that anything that distinguishes your case from the slide of cases that the trap. I mean, I, I'm not sure that it necessarily would I would have to go back and take a look I think it was. There was a 65 act that preceded the 84 act. I may have that wrong, but I don't believe me, but whatever. Yeah. And I don't believe that that act gave a right to adults at all to establish. Right. So, he, he, in essence would never, you know, would never have been able to do it, you know, does that make a difference. Narrowly in this case, like we said there's that there's the vested rights line of cases, and all these, you know, the black and white reading of these is that it wouldn't that he would be time bar because once that right fast. The Illinois legislature can never take it away. You know I say in my brief, I think that they're missing one logical step. And that's the question of does taking it away imperil property, and if it doesn't, you know, then it can be taken away without offending the Constitution. But doesn't the establishment of parentage also bring along with it other benefits to your client, a right to perhaps, you know, inheritance and things of that sort. So I think, Justice Johnson, that would be absolutely correct. Of course, Mr. Guy would have total control over whether he wanted to disinherit the child by just writing him out of the will, quote unquote. I guess if he were to die, for example, die intestate I, I'm, I don't know I'm 99% sure that he's not going to die intestate but maybe right. I have no idea what his estate planning situation is. But yes, I mean that would be the only way that he could get any property because he cannot get child support he can't get back child support, he can't get any type of of monetary value from Mr. And, you know, I mean candidly he's doing this because his father is a worldwide celebrity and, you know, he would like his natural father to be his legal father. And I didn't put this in my brief but you know I think that the creator of our universe would consider Mr. Guy to be Mr. Miller's father and, and, you know, if the laws of man prohibit that I, I think that there is a problem there but we, the federal constitution has. And I looked into this, it does not give you a fundamental right to know who your parents are. You can, you can have blind adoptions, and a child does not does not get to. There is no fundamental right that has been articulated to this point that you have a right to have someone declared as your father, Mr. Professor, your argument is really based on a distinction between those claims that seek money damages. You know the archdiocese case and all the other cases, and a case like this which does not seek money damages. Isn't there some pecuniary value to having an immunity as a defense. In the sense that he may, for example, cost of defense for them. Yeah, cost of defense I think absolutely that argument could be made. On the other hand, like, you know, I don't know that that's necessarily what the line of these vested cases, you know, are trying to protect they're trying to protect the immunity against a lawsuit not, you know, not the cost of having to defend yourself. And on the other hand, why don't we say like, you know, why defend yourself at all if you know that this is your son just, you know, just agree to it. It doesn't have to be defended. Is there anything else that you want to say in your opening. I mean, no, because it is. It's a, as counsel said in his reply brief, it is a very narrow issue. You know, either. I think that this court holds that once a vested right to immunity is in place that protects for all time, or in a case like this where no property is in peril. It doesn't offend the Constitution and on this very narrow ground it could it could proceed. I think that's the, that's the only issue in this case. Thank you. Good afternoon, may please the court. Again, my name is Christopher Gary on behalf of the lead George guy. This court should affirm the trial courts determination that the retroactive application of the Illinois Parentage Act deprives guys are protected due process right barring Miller's instant paternity claim, based on his lack of timeliness. The issue submitted for this court's determination is narrow, and has been clearly solidified by a century of Illinois Supreme Court jurisprudence in Board of Education of normal versus budget. The only Supreme Court first articulated the now constitutional principle that once a claim is time barred, it cannot be revived to subsequent legislative action without offending the rights protected by the due process clause of the Illinois Constitution. So I'm going to ask you the same question I asked. Mr. In all of those cases, I believe that there was a statute of limitations. The statute of limitations was in place, and the plaintiff allowed that statute to run. At the end of that statute, the defendant knew theoretically and this is the theory the defendant knew the statute to run, I'm clear I'm done with this claim. And so, the court said well it's unconstitutional to take that right to be free of that claim away from the defense. But in this case there was no statute of limitations that actually ran on this plaintiff. The 1958 statute was unconstitutional so we can't rely on that one so you're relying on the 84 statute, which ran before he would have ever had a chance to bring that claim. Your argument is that theoretically he could have brought it in two years after the 1984 statute but that's different that's a theoretical end to a statute of limitations, it's not an actual statute of limitations. So I'm just wondering why you don't think that's different. Thank you, Justice. So initially, initially I'd like to highlight that Miller has agreed in the trial court and agrees before this court that he was subject to the 1984 Parentage Act, and we address this issue in our brief on page four and footnote number one. So as you highlighted, the Illinois Parentage Act of 1958 was deemed unconstitutional, based on the statute of limitations that required paternity claims to be filed within two years after the birth of a child. And that was held by the US Supreme Court in Pickett versus Brown. So, after the legislature enacted the 1984 Parentage Act, and put in place the at issue statute of limitations which is based on majority plus two years. So courts interpreting the timeliness of parentage actions, which could have been brought under the Illinois Parentage Act of 1958 have used the Parentage Act of 1984, in terms of determining when the statute of limitations would have run on a claim. What would have run on their claim. So for instance, Miller was born in 1960. So giving generous effect to the statute of limitations from the 1984 version. His claim would have been time barred utilizing the 1984 version in 1986 Miller would have been 26 years old at that juncture. I understand that that's the theory and I understand that that's what happened. I'm just asking if it's a premise of this constitutional argument is the defendant. And it's, it's a somewhat fictional premise the defendant is looking at the claims looking at the statute of limitations he got to statute ran I'm clear I'm done. And this. Our courts are saying well that's the best of right. He knows he's clear he's done. But here, it's kind of fuzzy when the statute of limitations, even when you're saying two years but it could be less it's a reasonable time. It's not this clear bright light that says to the defendant, you're clear to go. If that makes any difference. Well, I do think it does make a difference but courts interpreting when parentage actions are time barred under the 1984 parentage act have utilized that x statute of limitations in applying it to claims that could have been brought under the 1958 statute of limitations, but obviously that was deemed unconstitutional. So there are several cases that we list where they're applying the 1984 version. So, the age of majority of 18 plus two years would be 20 under the 1984 version, and Miller was 26 at this juncture. Okay. I understand that in your view, it's been pretty much waived by the plaintiff and he certainly is impressive and just say that it's a little troubling. Or it seems like a distinction at least that I wish had been more fully addressed by the time. But you can go on and address the constitutional claim, which. Thank you, Justice, which was fully addressed. So specifically addressing Miller's challenge involves determining the nature of the vested right and individual obtains that the lapsing of a statute of limitations Miller suggests that the due process right is only obtained when the underlying suit involves tangible property. Blodgett recognized that when a statute of limitation lapses, the punitive defendant obtains a vested property right to invoke an immunity from suit. Justice Miss McFaul. Now, you previously asked questions about this and this is where the emergency from suit comes into play. Blodgett held that the immunity from suit is an intangible property interest recognized as a property right subject to due process protections. This intangible property right has no bearing on the tangible nature of the recovery sought in a legislatively resurrected suit. As Miller asked this court to find the Illinois Supreme Court. All the, all the examples and Blodgett involved tangible property money demands, real or personal property or recovery of damages and tort logic doesn't give any examples of intangible property. Justice Johnson that is correct. But in 1968, the only Supreme Court in country mutual insurance versus night further from Blodgett Blodgett, and said that a right is vested at the lapsing of a statute of limitations and I emphasize, regardless of the nature of the cause of action. Miller contends that the only Supreme Court jurisprudence should be disregarded invites this court to engage in a forward looking analysis focusing on the tangible nature of the resurrected cause of action. However, this vested right is obtained back at the lapsing of a statute of limitations of the underlying claim and does not depend on the tangibility of what is sought in a potential future claim. Justice Johnson, as you highlighted. This was first determined in Blodgett, as the court stated it's immaterial whether the action is for recovery of real property, real personal property and recovery for money demand, or for the recovery of the band and tort, which was further expanded in country mutual insurance versus night to include any claim, regardless of the nature of the cause of action. So, based on this. Mr Harry. Mr Harry just to clarify, for my own benefit, your position is that the court should not look at the nature of the plaintiff's claim. For purposes of determining whether the due process clauses protection, relating to property rights is at stake, rather we should look at the immunity, which is the limitations period lapse here is that that's your position correct. That is accurate and that is what budget and its progeny have held in terms of when the lapsing of the statute of limitations occurs, the punitive defendant obtains a intangible property right at that juncture. And so there's no, no, no caseload directly on point. Are there any cases outside of Illinois that you may have come across on this subject I know it's not addressed in the brief of just curious, I'm not aware of any justice. So, based on this Illinois Supreme Court precedent, the trial for properly held that guy obtained invested due process right when Miller did not file a paternity action utilizing the 1984 parentage act, which he acknowledged he failed to do Miller further agreed in the trial court as he did before it does before this court that he was time barred from filing at the lapsing of the statute of limitations contained in the 1984 parentage act. Thus, once Miller's claim was time bar, the guy was vested with a protected due process right, which was beyond legislative interference. Now it was exactly this legislative tinkering with the 2015 parentage act statute of limitations and savings provision which permitted Miller's previously time barred claim to be revived, permitting him to file the at issue paternity action. The 2015 paternity parentage acts explicit permission to file a time barred claim affronts guys vested due process right to invoke an immunity from suit. Now, this is value of the immunity from suit was discussed by the Illinois Supreme Court in Doe versus Diocese of Dallas, and I would mention it's from 2009. So following Blodgett's progeny in 2009, recently the Supreme Court held this. In Doe, the plaintiff filed a sexual assault claim utilizing a 2003 expanded version of the statute of limitations, which permitted retroactive application to file her claim. So under the previous version of the statute from 1994, her claim was time barred. The defendant priest moved to dismiss the plaintiff's claim, asserting that the action was time barred under the previous version, the 1994 version, and argued that applying the expanded 2003 version violated his due process rights. Under these facts, the Doe court reaffirmed the legal principle that once a claim is time barred, it cannot be revived by subsequent legislative action without offending the defendant priest's due process rights. The Illinois Supreme Court affirmed the trial court's dismissal of the claim as being time barred. The Doe court holding compels the same result here. As agreed by Miller, he did not file a paternity action in the 1984 Parentage Act, and he's time barred from doing so, pursuant to a statute of limitations. At this point... I want to just press you on this a little bit. Mr. Esser really argues that, you know, the due process clause is not even implicated here because all his client is seeking is a determination of parentage, which is basically, you know, law of biology and science and natural law, I suppose, and that's all it is. You know, that he's my father, and that that should be known for posterity's sake, at the very least. And I think you would agree that if Buddy Guy did not want anyone to share in his inheritance, he could arrange for that. So, why is the due process clause at stake here? You know, in terms of property. It's hard to sort of equate property to a determination that, you know, this man is my father. Justice, I can answer that question in two parts. And first, specifically addressing your question. Is the due process right that's implicated, is the lapsing of Miller's statute of limitations, which vested the intangible property right with Guy? The second part of my question, speaking more broadly to the parental aspect. So, if the object of a paternity action is to foster a parent-child relationship, that can be accomplished without a legal determination, especially where monetary support is mooted by the age of the parties, which is the case here. So, there is a remedy outside the law for a parent-child relationship, but that's up to the individuals. And although, Justices, this is not in the record, I will submit that Miller and Guy did have a relationship as a child and as adults before Miller filed this instant parentage action. The same can't be said for other Illinois Supreme Court cases where courts have struck plaintiffs-only remedy based on the running of the statute of limitations, which protects the due process rights of the putative defendant. And in those cases... Let me ask you this, maybe state the question differently. Is there a property right in not having a determination that you are someone's father? To clarify the question, Justice, in a legal determination?  Well, I would go back to that there is a parentage act under 2015 and 1984. And when, based on Supreme Court precedent, when the time for claims under the 1984 parentage act lapsed, I would again submit that that is the vesting of the intangible property right. So it's not a physical property right that a putative defendant obtains. It's the intangible property right that's discussed for a century that an individual obtains. I hope that answers your question, Justice. Thank you. Thank you. You can proceed. So the consequence of Guy obtaining this immunity from suit at the lapsing of the statute of limitations was discussed by the Illinois Supreme Court in Setmire v. Holman, which reaffirmed that an immunity from suit, which arises by operation of a statute of limitations, is a valuable right, and which is as valuable as the right that plaintiff has and maintains to bring the suit in and of itself. The Setmire court's consideration of value is narrowly relegated to the intangible right to raise a defense immunity from suit, and it also correlates this value to plaintiff's right initially to pursue a claim. This intangible right possessed by individuals does not consider the tangible nature of the recovery sought. As plainly articulated by the Illinois Supreme Court in MEH v. LH, if a claim is time-barred under an old law, a claim remains time-barred under the new law. And also for the purposes of addressing all of Miller's contentions in his brief, the U.S. Constitution's taking clause case cited by Miller has no application to a determination of Illinois's due process protections. Plainly, the Miller court did not find a regulatory taking, and thus a compensation wasn't required to be paid to the petitioner. The Miller court did not contemplate vested due process rights under the U.S. Constitution, nonetheless Illinois's Constitution, which accords broader protections of individual due process rights. In closing, we ask this court to affirm the trial court's finding that Guy obtained a vested due process right beyond legislative interference at the lapsing of Miller's prior ability to bring a parent to injection. And I'm certainly happy to address any questions this panel may have in the remainder of my allotted time. Any remaining questions from the panel? No. Thank you, Confer. Thank you. Mr. Esler. Yes. By way of rebuttal. So, I think that there was some, some blurring of the lines between whether an intangible right is a property right. There are, there are many vested rights that people have that are not that you would not should not be considered property for purposes of the Due Process Clause, the right to free speech is not a property right. You know, so to go on like, not all intangible rights that can't be valued that can't be defined that can't be, you know, grasped in the hand. These I don't think are protected by the Due Process Clause which only protects against life, liberty and property. And so, yes, this line of cases gives a vested right to Mr. Guy to be immune from suit. Taking that away, taking away his intangible right is not the same as taking away a property right. Um, I think where, you know, all those cases got confused was that all of those cases that were cited me H the dough a case blogic. These all would have opened up someone to a deprivation of property, and without that deprivation of property. You can take away the vested right without offending the Constitution. So that's, that was my conclusion for my rebuttal. Any questions from the panel. Anyone. Okay, both of you. Thank you very much. It's really interesting. Yeah, both agree. Very nice. Thank you.